## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-22649-CIV-COOKE/LOUIS

ROBERT D. FLOYD,

      Plaintiff,

v.

SALLIE MAE, INC,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Robert D. Floyd's Verified Bill of Costs (ECF No. 150). The Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Marcia G. Cooke, United States District Judge (ECF No. 153). Plaintiff's Verified Bill of Costs is unopposed by Defendant (ECF Nos. 157, 158). A hearing was held on Plaintiff's Verified Bill of Costs on September 1, 2020. Upon consideration, the undersigned recommends that Plaintiff's Verified Bill of Costs be **GRANTED, in part**.

### I.    BACKGROUND

Plaintiff filed suit against Defendant on July 18, 2012, alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq* (ECF No 1). Specifically, Plaintiff alleged that Defendant, or another party acting on their behalf, left over 100 pre-recorded messages on Plaintiff's cellular phone over the course of a year (*id.*). Final judgment was entered in favor of Plaintiff on June 24, 2020 (ECF No. 150). Plaintiff filed his Verified Bill of Costs one month later, on July 24, 2020 (ECF No. 153), along with a memorandum of law in support of his fees (ECF

No. 151). Plaintiff subsequently filed notice that his Verified Bill of Costs was unopposed (ECF No. 157), which Defendant acknowledged (ECF No. 158).

## II.   DISCUSSION

Plaintiff filed a Verified Bill of Costs seeking costs in the amount of $4,976.40, which includes: $350.00 for fees of the clerk; $205.00 for fees for service of summons and subpoenas; $3,966.40 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and $455.00 for docket fees under 28 U.S.C. § 1923 (ECF No. 150 at 1-2).

Plaintiff, as the prevailing party, is entitled to recuperate costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v.*

*Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Plaintiff is entitled to the full amount request for fees of the clerk and dockets fees under 28 U.S.C. § 1920. Thus, the undersigned recommends that Plaintiff be awarded $350.00 for fees of the clerk and $455.00 for docket fees under 28 U.S.C. § 1923.

As for the $205.00 in fees requested for service of summons and subpoenas, Plaintiff submitted 3 different invoices: a $30.00 summons fee; an $85.00 fee for the service of a subpoena on metro PCS; and a $95.00 fee for the service of a subpoena on CenturyLink (ECF No. 150-1 at 4 – 14). However, taxable private process fees must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). At the hearing, Plaintiff was apprised of this rule, and subsequently agreed to waive the subpoena charges in excess of $65.00 per subpoena. Thus, the undersigned recommends the award include fees for the service of summons and subpoenas in the amount of $160.00.

Lastly, Plaintiff sought $3,966.40 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). However, not all deposition costs are recoverable; miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S.*

*Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

To support these deposition and transcript fees, Plaintiff submitted four separate invoices. The first was an invoice for video conferencing services in connection with the deposition of Patricia Patterson totaling $1,799.00. This included a domestic booking fee of $50.00, two room charges per hour totaling $1,600.00, a connection fee for $50.00 and sales tax of $99.00. At the hearing, Plaintiff agreed to waive the $50.00 booking fee. The remaining fees here incurred are recoupable costs necessitated by the need for taking the deposition by video.

The second was a Veritex invoice for $497.00, which Plaintiff's counsel avers to be for the transcript of Plaintiff's own deposition. The third is an invoice of $150.35 for a transcript obtained from a hearing that was conducted on April 10, 2013. The last invoice totaled $1,519.50 for an original and certified copy of the transcript for Patricia Patterson's deposition. With the exception of the waived $50.00 service fee, all of the proffered costs are taxable under 28 U.S.C. § 1920(2), and because the necessity of these incurred costs are not opposed,[1] the undersigned recommends awarding Plaintiff $3,915.85 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

## III.   RECOMMENDATIONS

For the foregoing reasons, I recommend that Plaintiff's Verified Bill of Costs (ECF No. 150) be **GRANTED, in part**, and that Plaintiff be awarded a total of **$4,880.85**. Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and

---

[1] "Because the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Recommendation to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITED** in Chambers at Miami, Florida this 3rd day of September, 2020.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**