# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ___AP___ D.C.

**May 26, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 26, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 20-12770-CC
Case Style: Robert Floyd v. Sallie Mae, Inc., et al
District Court Docket No: 1:12-cv-22649-MGC

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 20-12770

_____

District Court Docket No.
1:12-cv-22649-MGC

ROBERT D. FLOYD,

                        Plaintiff - Appellant,

versus

SALLIE MAE, INC.,
JOHN DOE,

                        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 27, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

ISSUED AS MANDATE 05/26/2021

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12770
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22649-MGC

ROBERT D. FLOYD,

                                                   Petitioner - Appellant,

versus

SALLIE MAE, INC., and
JOHN DOE,

                                                   Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 27, 2021)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

     Robert Floyd appeals from the district court's entry of judgment in favor of Navient Solutions, LLC ("Navient") for telephone calls that Floyd alleged violated

the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Though the district court awarded Floyd statutory damages for certain phone calls, Floyd argues he was entitled to additional recovery for other calls he says were placed. However, because this Court lacks jurisdiction over the appeal, we must dismiss it.

I

Navient is one of the nation's largest student loan servicers.[1] It uses "Dial Now" telephone technology to call its customers about their student loan accounts. Floyd was never a customer of Navient, but his mobile phone provider assigned him a phone number that previously belonged to a Navient student loan account customer. Navient regularly called Floyd's number, even after it had been reassigned to him.

In 2012, Floyd sued, alleging that Navient placed "over 100 pre-recorded messages on [his] cellular telephone during 2011 and 2012." The TCPA prohibits people from making any call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). In discovery, Floyd obtained records indicating that only 28 calls were placed to his number. Navient moved for summary judgment and sought dismissal of the complaint. On

---

[1] Sallie Mae, Inc. changed its name to Navient Solutions, Inc. in 2014 following a corporate reorganization. We refer to the appellee as "Navient."

December 27, 2018, the district court granted in part Navient's summary judgment motion and entered judgment to Navient on all but 28 phone calls. As to those 28 calls, which were "supported by the documentary evidence," the court concluded that Navient "violated the TCPA" and that "Floyd may recover $500 for each of those violations."

The district court separately entered final judgment "in favor of Defendants and against Plaintiff" on December 19, 2019. Later recognizing that its final judgment order had "inadvertently failed to grant to Plaintiff[] the amount for which the Court held the Defendants liable," the district court entered an amended final judgment on June 24, 2020. The amended final judgment order stated that "Plaintiff is awarded statutory damages in the amount of $14,000." Floyd filed a notice of appeal 30 days later, on July 24, 2020.

On appeal, Navient argues that Floyd's appeal is untimely and must be dismissed. It says the time to appeal began to run from the district court's entry of its summary judgment order on December 27, 2018, and not from the entry of the amended final judgment on June 24, 2020. Floyd disagrees. We now address the question of our jurisdiction.

## II

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and this Court cannot entertain an appeal that is out of time. See

Green v. Drug Enf't Admin., 606 F.3d 1296, 1300–02 (11th Cir. 2010). A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

### III

We conclude the time to appeal began to run from the district court's summary judgment order entered on December 27, 2018, and not from the amended final judgment entered on June 24, 2020. Floyd's arguments to the contrary are unpersuasive. We consider them in turn.

Floyd argues that the summary judgment order was not a final appealable order because it was only a "partial" decision. But the summary judgment order was a final appealable order because it resolved all questions of liability and stated the calculation of damages. A review of the record demonstrates this. Navient moved for an "entry of an order dismissing this action and entering judgment in favor of [Navient] on the claims asserted by [Floyd]." Floyd opposed this motion and, in his opposition, noted that Navient produced records showing that it placed 28 calls to his phone. The district court concluded there was no dispute that Navient violated the TCPA with respect to 28 phone calls and that Floyd may recover $500 for each of those violations. However, it granted partial summary judgment to Navient on the remainder of the calls. The court thus ruled on the scope of Navient's liability, granting summary judgment in part to Navient and in

part to Floyd,[2] and set forth its calculation of damages. The summary judgment order entered on December 27, 2018 was an appealable final order.

Floyd next says that the summary judgment order was not appealable because the district court "le[ft] the determination of damages to future proceedings." Circuit precedent dictates otherwise.

The "final judgment rule does not require district courts to calculate the precise amount of damages in every case." S.E.C. v. Carrillo, 325 F.3d 1268, 1272 (11th Cir. 2003) (per curiam). "This is true even though it might appear that the district court still has something left to do that goes beyond executing the judgment." Id. For instance, in Turner v. Orr, 759 F.2d 817 (11th Cir. 1985), this Court concluded that the district court's failure to calculate the precise amount of back pay did not affect the finality of the court's judgment awarding such pay. Id. at 820. Instead, we recognized that "the calculation that was required to determine the amount of back pay was 'purely ministerial in nature' and required only 'a simple arithmetic calculation.'" Carrillo, 325 F.3d at 1272 (quoting Turner, 759 F.2d at 820). As such, it was of no moment in Turner that the district court had yet

---

[2] When a party moves for summary judgment, a court may sua sponte grant summary judgment in favor of the non-moving party, if the non-moving party is on notice of the issues to be ruled upon and if the non-movant is entitled to summary judgment as a matter of law. Burton v. City of Belle Glade, 178 F.3d 1175, 1203 (11th Cir. 1999); Bosarge v. U.S. Dep't. of Educ., 5 F.3d 1414, 1416 n.4 (11th Cir. 1993).

5

to enter an order with the damages fully calculated. The arithmetic was clear, making the judgment awarding back pay final for the purposes of appeal.

The same is true here. The district court concluded that Navient violated the TCPA, that 28 calls were supported by the documentary evidence, and that Floyd could recover $500 for each of those violations. It was clear from the summary judgment order that the district court "found Defendants were liable to the Plaintiff for 28 calls and that Plaintiff may recover $500 for each of those violations." R. Doc. 148 (describing summary judgment findings in order granting motion to amend the final judgment). Having adjudicated liability, the court only had to compute damages. And the computation of damages was straightforward: $500 x 28 = $14,000. The district court's entry of the amended final judgment, which stated that "Plaintiff is awarded statutory damages in the amount of $14,000," reflected that simple calculation. As such, "the court's failure to conduct the ministerial act of calculating [damages] did not prevent the court's order from constituting an appealable final decision under § 1291." Carrillo, 325 F.3d at 1272.[3] The summary judgment order was a final appealable order. See id.; Turner, 759 F.2d at 820.

---

[3] Consider, by contrast, the circumstance confronted in Carrillo, where this Court found that a district court order was not an appealable final judgment under 28 U.S.C. § 1291. There, the district court order awarded "prejudgment interest," but failed to "specify[] the prejudgment interest rate or the date from which interest accrue[d]." 325 F.3d at 1274. As such, the calculation method remained to be determined—and could itself be subject to dispute and further

Thus the question of our jurisdiction is resolved. The summary judgment order was entered on December 27, 2018. Floyd's notice of appeal, filed on July 24, 2020, was untimely. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). We dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

---

appeal—which could have resulted in "piecemeal appellate review." Id. at 1273. No such risk was present here, however, where the district court spelled out the calculation of damages.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 27, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-12770-CC
Case Style: Robert Floyd v. Sallie Mae, Inc., et al
District Court Docket No: 1:12-cv-22649-MGC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs